**TREYZON & ASSOCIATES**
Federico Castelan Sayre, Esq. (SBN: 067420)
*fred@treyzon.com*
Boris Treyzon, Esq. (SBN: 188893)
*bt@treyzon.com*
Francis X. Flynn, Esq. (SBN: 131919)
*frank@treyzon.com*
6 Hutton Centre Drive, Suite 600
Santa Ana, CA   92707
T: (714) 382-6795 / F: (714)716-8445

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA LEDESMA, an individual; JESSICA LEDESMA, an individual; MARISSA LEDESMA, an individual by and through her Guardian Ad Litem Raquel Sierra; RONNIE MATHEW LEDESMA, an individual by and through his Guardian Ad Litem Christina Garcia; CHRISTINA HERRERA; <br><br> Plaintiffs <br><br> v. <br><br> KERN COUNTY, KERN COUNTY SHERIFF'S DEPARTMENT; WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG; AND DOES 1-200, INCLUSIVE; <br><br> Defendants. | **CASE NUMBER:** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW [42 U.S.C. § § 1983, 1985, 1986, 1988]** <br><br> 2. **DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW (MONELL CLAIM) [42 U.S.C. § § 1983, 1985, 1986, 1988]** <br><br> 3. **WRONGFUL DEATH [C.C.P. § 377.60] AND FOR PERSONAL INJURY/SURVIVAL [C.C.P. § 377.30] Based on:** <br><br> a. **ASSAULT & BATTERY;** <br> b. **NEGLIGENCE;** <br> c. **NEGLIGENT HIRING, TRAINING & RETENTION** |

1

| | |
|---|---|
| ) | **4. VIOLATION OF STATE CIVIL RIGHTS [Civil Code §§ 51,51.7, 52, & 52.1]** |
| ) | |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| ) | |

**PLAINTIFFS COMPLAIN AND ALLEGE AS FOLLOWS:**

**PARTIES**

1.    Plaintiff ADRIANA LEDESMA is a surviving daughter of decedent Ronnie Ledesma, Jr., and is a resident of the State of California, County of Kern.

2.    Plaintiff JESSICA LEDESMA is a surviving daughter of decedent Ronnie Ledesma, Jr., and is a resident of the State of California, County of Kern;

3.    Plaintiff MARISSA LEDESMA, an individual by and through her Guardian Ad Litem Raquel Sierra, is a surviving daughter of decedent Ronnie Ledesma, Jr., and is a resident of the State of California, County of Kern;

4.    Plaintiff RONNIE MATHEW LEDESMA, an individual by and through his Guardian Ad Litem Christina Garcia; is a surviving son of decedent Ronnie Ledesma, Jr., and is a resident of the State of California, County of Kern;

5.    Plaintiff CHRISTINA HERRERA is a surviving parent of decedent Ronnie Ledesma Jr., and is a resident of the State of California, County of Kern.

6.    Plaintiffs are each an "heir at law" of decedent Ronnie Ledesma Jr., as that term is defined in section 377.60 of the California Code of Civil Procedure, and have legal standing to maintain an action for wrongful death based on the death of plaintiffs' father and son.  Plaintiffs may maintain causes of action under 42 U.S.C. § 1983 for a violation of civil rights under color of state law and recover for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. § 1983, and violation of California Civil Code §§ 51, 51.7, 52 and 52.1

COMPLAINT FOR DAMAGES

7. Defendant COUNTY OF KERN is, and at all times mentioned herein was, a public entity existing within the State of California, County of Kern.

8. Defendant KERN COUNTY SHERIFF'S DEPARTMENT is, and at all times mentioned herein was, a public entity existing within the State of California, County of Kern.

9. Defendant WARREN MARTIN (hereinafter referred to as "MARTIN") is, and at all times mentioned herein was, a Deputy employed by defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

10. Defendant KARENA DE LA GARZA (hereinafter referred to as "DE LA GARZA") is, and at all times mentioned herein was, a Deputy employed by defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT who was acting within the course and scope of her employment at the time she undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

11. Defendant DWAYNE PERKINS (hereinafter referred to as "PERKINS") is, and at all times mentioned herein was, a Deputy employed by defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

12. Defendant JAMES MELTON (hereinafter referred to as "MELTON") is, and at all times mentioned herein was, a Deputy employed by defendants

3

1   COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT who
2   was acting within the course and scope of his employment at the time he undertook
3   the activities alleged herein and was, at all times herein mentioned, acting under
4   color of state law as an employee, agent, and representative of every other
5   defendant.

6       13.   Defendant CHRISTOPHER WONG (hereinafter referred to as
7   "WONG") is, and at all times mentioned herein was, a Deputy employed by
8   defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S
9   DEPARTMENT who was acting within the course and scope of his employment at
10   the time he undertook the activities alleged herein and was, at all times herein
11   mentioned, acting under color of state law as an employee, agent, and
12   representative of every other defendant.

13       14.   At all times herein mentioned, DOES 1-200 were and are Defendants
14   whose identity is presently unknown to Plaintiffs who supervised, controlled or
15   were in some manner responsible for the activities alleged herein and proximately
16   caused plaintiff's damages; Plaintiffs will amend this complaint to allege said
17   Defendants' true names and capacities when ascertained.

18       15.   At all relevant times herein, each of the Defendants was an agent,
19   servant, or employee of each of the remaining Defendants acting under color of
20   state law, and was at all times acting within the time, purpose or scope of said
21   agency or employment, and was acting within the time, purpose, or scope of said
22   agency or employment, and was acting with the express or implied knowledge,
23   permission or consent of the remaining Defendants, and each of them. Each of the
24   Defendants held out the other as its authorized representative and each of the
25   Defendants ratified the conduct of its agents. At all times herein mentioned, DOES
26   1-200 were and are Defendants whose identity is unknown at this time who
27   supervised, controlled, or were in some manner responsible for the activities
28   alleged herein and proximately caused Plaintiffs' damages.

4

## JURISDICTION

16.   Plaintiffs' claims for relief arise under and out of violations of the following laws:

      a. Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986, 1988;

      b. *Monell v. Dep't of Social Services*, 436 U.S. 658;

      c. The Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution;

      d. The Equal Protection and Due Process Clauses of the Fifth Amendment of the United States Constitution.

17.   The jurisdiction of this court is therefore founded on Federal Question jurisdiction pursuant to 28 U.S.C. § 1331.

## GENERAL ALLEGATIONS

18.   This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, against Defendants KERN COUNTY, KERN COUNTY SHERIFF'S DEPARTMENT; WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG; AND DOES 1-200.

19.   It is alleged that Defendants MARTIN, DE LA GARZA, PERKINS, MELTON, WONG, COUNTY OF KERN, KERN COUNTY SHERIFF's DEPARTMENT and DOES 1 through 20 and/or other individuals employed by defendant COUNTY, used excessive force on Plaintiffs' decedent Ronnie Ledesma Jr., without legal cause or excuse, and made an unreasonable seizure of Plaintiffs' decedent's person, violating his civil rights, under the Amendments to the United States Constitution and the statutes above listed. It is further alleged that these violations were committed as a result of the policies, customs, and practices of

5

1 Defendants KERN COUNTY, and KERN COUNTY SHERIFF'S
2 DEPARTMENT.

3    20.    On August 19, 2013, Ronnie Ledesma, Jr., was at or near the parking
4 lot area of the Walgreens Drug Store located at or near 2928 Mt. Vernon Avenue,
5 Bakersfield, California.  On that date, at or about 8:30 p.m., Defendant MARTIN,
6 under color of law and within the course and scope of his employment, initiated an
7 encounter with Ronnie Ledesma, Jr., and without provocation or reasonable fear
8 for his physical safety began repeatedly striking Ronnie Ledesma with his baton.

9    21.    Within minutes Defendant MARTIN was joined by Defendants DE
10 LA GARZA, PERKINS, MELTON, WONG and other members of Defendant
11 KERN COUNTY SHERIFF'S DEPARTMENT, each of whom also under color of
12 law and within the course and scope of their employment with Defendant
13 COUNTY and KERN COUNTY SHERIFF'S DEPARTMENT, began repeatedly
14 striking Ronnie Ledesma, Jr., striking his head, face, torso, back and extremities
15 with batons and their fists.

16    22.    Defendant PERKINS also deployed his K-9 partner, which canine
17 viciously attacked Ronnie Ledesma, Jr., repeatedly biting him on both legs and his
18 arm.  Defendants MELTON and WONG, DOES 1 through 20 and other members
19 of Defendant KERN COUNTY SHERIFF's DEPARTMENT also repeatedly
20 kicked Ronnie Ledesma, Jr., to his chest and ribs.

21    23.    Defendants' actions against Ronnie Ledesma Jr., were without
22 probable cause or reasonable belief or fear for their physical safety or lives; in
23 continuing to repeatedly strike Ronnie Ledesma Jr's head, torso and extremities,
24 and causing the K-9 unit to attack and bite decedent, Defendants exercised and
25 used excessive and unnecessary force, inflicting physical injuries to Ronnie
26 Ledesma Jr., severe enough to require immediate transport to Kern Medical
27 Center, where he was admitted for treatment.

28

6

24. As a direct and proximate result of Defendants' unlawful, unreasonable, excessive and unnecessary use of brutal force on August 19, 2013, Ronnie Ledesma Jr., never recovered from his injuries and died therefrom on August 27, 2013, while still admitted to Kern Medical Center.

25. The actions of Defendants, and each of them, were in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted cruel and unusual punishment of plaintiff, an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of decedent's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein.

26. Plaintiffs are informed and believe and thereon allege that Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions.

27. Plaintiffs allege that Defendants acted in violation of the United States Constitution and that decedent Ronnie Ledesma Jr.'s constitutional rights were violated. Defendants, and each of them, acted in violation of decedent's constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Decedent was subjected to an excessive amount of force and was seized without probable cause by Defendants while acting under color of law, pursuant to their actual and apparent authority.

28. As a result of the repeated unconstitutional actions of Defendants, and each of them, Ronnie Ledesma, Jr. died. Plaintiffs therefore have suffered, and continue to suffer, devastating and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness and terror. Plaintiffs have further suffered economic and non-economic damages.

29.   As required by Government Code §911.2, Plaintiffs filed timely Government Claims against the COUNTY and MARTIN, DE LA GARZA, PERKINS, MELTON and WONG, and KERN COUNTY SHERIFF's DEPARTMENT and unknown employees thereof, dated February 8, 2014.

30.   The Claims were denied by operation of law, with notice of such denial provided in writing in a letter from Tom Newell, Office of County Counsel, dated and served on April 23, 2014, in accordance with Government Code §912.4(a). As such, the deadline to file a Complaint is **October 23, 2014**, making this Complaint timely filed before the expiration of six (6) months from the date of rejection.

## FIRST CLAIM FOR RELIEF
### (DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW
### [42 U.S.C. §§ 1983, 1985, 1986, 1988])

31.   Plaintiff hereby incorporates each and every of the preceding paragraphs, as though set forth fully herein.

32.   On or about August 19, 2013, Defendants, and each of them, violated decedent's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution prohibiting unlawful seizure, cruel and unusual punishment and violation of due process of law. The violation was under color of state law. Defendants, and each of them, acted in violation of the Fourth Amendment of the United States Constitution when decedent was subjected to excessive force and killed.

33.   The actions of Defendants as aforesaid violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of decedent's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set for the below.

COMPLAINT FOR DAMAGES

34.   The illegal seizure and use of excessive force on Ronnie Ledesma, Jr., was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and for him to be free from cruel and unusual punishment and denial of substantive due process under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action defendants, and each of them, violated Mr. Ledesma's Civil Rights by being deliberately indifferent to Mr. Ledesma's physical security as set forth in <u>Wood v. Ostrander</u>, 879 F.2d 583.

35.   Defendants, and each of theirs, actions as aforesaid directly and proximately caused injuries and damages to Plaintiffs as more fully set forth below.

36.   On or about August 19, 2013, Defendants violated Mr. Ledesma's and Plaintiffs' Civil Rights by using a degree of physical coercion which was not objectively reasonable under the circumstances. Defendants' use of excessive force was unreasonable and in violation of Mr. Ledesma's and Plaintiffs' Civil Rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable seizure of his person and to be free from a loss of physical liberty. The use of excessive force also violated the Eighth Amendment, as it was cruel and unusual punishment to be subjected to injury and death. Defendant's use of excessive force was in violation of Mr. Ledesma's and Plaintiffs' Fourth, Fifth, Eighth and Fourteenth Amendment Rights.

37.   Prior to August 19, 2013, Defendants KERN COUNTY and KERN COUNTY SHERIFF'S DEPARTMENT developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons, which caused the violation of Plaintiffs' civil rights.

38.   It was the policy and/or custom of Defendants KERN COUNTY and KERN COUNTY SHERIFF'S DEPARTMENT to inadequately supervise and train its officers, including Defendants WARREN MARTIN; KARENA DE LA

9

1  GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG,
2  and DOES 1 through 20; thereby failing to adequately discourage further
3  Constitutional violations on the part of its Deputies.

4      39.    As a result of the above-described policies and/or customs, Deputies
5  of Defendants KERN COUNTY and KERN COUNTY SHERIFF'S
6  DEPARTMENT, including Defendants MARTIN; DE LA GARZA; PERKINS;
7  MELTON; WONG; and DOES 1 through 20; believed that their actions would not
8  be properly monitored by supervisory officers and that misconduct would not be
9  investigated or sanctioned, and would be tolerated and accepted.

10     40.    The above-described policies or customs demonstrated a deliberate
11 indifference on the part of the policy makers of Defendants KERN COUNTY and
12 KERN COUNTY SHERIFF'S DEPARTMENT to the constitutional rights of
13 persons within their jurisdiction, and were the cause of the violations of Plaintiffs'
14 Civil Rights as alleged herein.

15     41.    Each of the Defendants and DOES named herein is individually liable
16 for the violation of Plaintiffs' Civil Rights apart and aside from the customs,
17 policies and practices of Defendants KERN COUNTY and KERN COUNTY
18 SHERIFF'S DEPARTMENT.

19     42.    As a direct and proximate result of the conduct of Defendants, and
20 each of them, Plaintiffs have suffered and incurred the following injuries and
21 damages:

22          (a) Serious personal injuries and death;
23          (b) Severe emotional distress, disgust, terror, fright, anger, anxiety,
24          worry, nervousness, shock, anguish, and loss of enjoyment of life;
25          (c) Loss of earnings and future earnings capacity;
26          (d) Loss of consortium and companionship;
27          (e) Loss of economic support;
28          (f) Other special damages;

10

1  (g) Other general damages; and

2  (h) Other damages according to proof at the time of trial.

3  43.  The conduct of Defendants MARTIN; DE LA GARZA; PERKINS;

4  MELTON; WONG; and DOES 1 through 20; was reckless, and said Defendants

5  acted with callous indifference to the Federally protected rights of Mr. Ledesma

6  and Plaintiffs.  Defendants, and each of them, engaged in despicable conduct by

7  using excessive force and were malicious and in reckless and conscious disregard

8  for the rights and individual safety of Plaintiffs, and Plaintiffs are entitled to

9  punitive damages in accord with Constitutionally permitted limits to punish and

10  make an example of Defendants MARTIN; DE LA GARZA; PERKINS;

11  MELTON; WONG; and DOES1 through 20.

12  44.  Plaintiff is entitled to an award of attorneys' fees, costs and expenses

13  under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiffs Civil

14  Rights.

15

16  **SECOND CLAIM FOR RELIEF**

17  **(DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW**

18  **[MONEL CLAIM][42 USC §§ 1983, 1985, 1986, 1988])**

19  45.  Plaintiff hereby incorporates each and every of the preceding

20  paragraphs, as though set forth fully herein.

21  46.  At all times herein mentioned, Defendants KERN COUNTY and

22  KERN COUNTY SHERIFF'S DEPARTMENT maintained a custom, policy and

23  practice to allow the violation of Civil Rights. Additionally, Defendants KERN

24  COUNTY and KERN COUNTY SHERIFF'S DEPARTMENT had a custom and

25  practice of denying Governmental claims, rejecting, failing to act on and denying

26  Citizen Complaints, and engaging in excessive use of force and other actions. All

27  of these actions were done in violation of decedent and Plaintiffs' Civil Rights

28

11

under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiff and others.

47.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiffs have suffered and incurred the following injuries and damages:

(a) Serious personal injuries and death

(b) Severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish, and loss of enjoyment of life;

(c) Loss of earnings and future earnings capacity;

(d) Loss of consortium and companionship;

(e) Loss of economic support;

(f) Other special damages;

(g) Other general damages; and

(h) Other damages according to proof at the time of trial.

48.     The conduct of Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; and DOES1 through 20;  was reckless, and said defendants acted with callous indifference to the Federally protected rights of Mr. Ledesma and Plaintiffs. Defendants, and each of them, engaged in despicable conduct by using excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs, and Plaintiffs are entitled to punitive damages in accord with Constitutionally permitted limits to punish and make an example of Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; and DOES1 through 20.

49.     Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiffs Civil Rights.

/ / /

/ / /

12

## THIRD CLAIM FOR RELIEF

## (WRONGFUL DEATH (C.C.P. § 377.60) and for PERSONAL
## INJURY/SURVIVAL (C.C.P.§ 377.30))

### COUNT ONE - Assault and Battery

50.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

51.    On or about August19, 2013, Decedent Ronnie Ledesma Jr., was lawfully at or near the parking lot area of the Walgreens Drug Store located at or near 2928 Mt. Vernon Avenue, Bakersfield, California.   Thereafter, Defendants WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG; DOES 1 through 20; and other employees of defendant KERN COUNTY SHERIFF'S DEPARTMENT, while in the course of their employment, seized, assaulted and battered Ronnie Ledesma, Jr., inflicting serious injuries from which he never recovered and which factually and proximately caused his death on August 27, 2013.

52.    Plaintiffs are informed and believe and thereon allege that Defendants' unnecessary, intentional and excessively forceful conduct towards Ronnie Ledesma, Jr., to wit, multiple blows with batons and fists on decedent's head, torso, extremities, multiple kicks to decedent's chest and ribs, and release of the K-9 unit on decedent which resulted in numerous bite and puncture wounds to decedents' extremities, resulted in Ronnie Ledesma, Jr.'s death.

53.    Defendants intended to cause and did cause Plaintiffs to suffer serious physical harm as the result of the intentional and unnecessary application of force to decedent Ronnie Ledesma, Jr.,

54.    As a direct and proximate result of the actions of defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

COMPLAINT FOR DAMAGES

a. Loss of love, aid, comfort, and society due to the death of Decedent Ronnie Ledesma, Jr., according to proof;

b. Loss of economic support of Decedent Ronnie Ledesma, Jr., and

c. Funeral and burial expense according to proof.

### COUNT TWO - Negligence

55.   Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

56.   On or about August 19, 2013, defendants negligently battered Ronnie Ledesma, Jr., such that he sustained multiple injuries from which he never recovered resulting in his death on August 27, 2013.

57.   As a direct, legal and proximate result of defendants' negligence, Plaintiffs suffered mental injuries and emotional distress.

58.   At all times herein mentioned, Defendants failed to follow procedural dictations and intentionally, recklessly and/or negligently caused injuries to and the death of decedent Ronnie Ledesma, Jr.,

59.   Each of the individual defendants acted in concert and without authorization of law, and each of the individual defendants, separately and in concert, acted willfully, knowingly, negligently with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiffs and decedent of their rights and privileges, and did in fact violate the aforementioned rights and privileges.

60.   As a direct and proximate result of the actions of Defendants, Plaintiffs have also suffered the following injuries, including but not limited to:

a. Loss of love, aide comfort and society due to the death of decedent Ronnie Ledesma, Jr., according to proof;

b. Loss of economic support of decedent Ronnie Ledesma, Jr; and

c. Funeral and burial expenses according to proof.

14

**COUNT THREE – Negligent Hiring, Training and Retention**

61.    Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

62.    Plaintiffs are informed and believe and thereon allege that Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT were aware of the unfitness of defendants WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG; AND DOES 1-20, and that defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT nonetheless as a policy, custom and practice continued to employ and utilize defendants MARTIN, DE LA GARZA, PERKINS, MELTON, WONG, and DOES 1 through 20, resulting in the violation of the Civil Rights of decedent Ronnie Ledesma, Jr.

63.    At all times herein mentioned, Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT were negligent in supervising the conduct of defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; AND DOES 1-20, resulting in the injuries to and death of decedent Ronnie Ledesma, Jr.

64.    Plaintiffs are informed and believe, and thereon allege, that on or before August 19, 2013, Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT negligently hired, trained, supervised, employed and/or managed Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; AND DOES 1-20, by failing and refusing to train Kern County Sheriff's Department deputies, or other employees, in proper arrest techniques and not using excessive force, so that they did not pose an unreasonable risk of serious bodily injury and death; such that the Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT knew, or in the exercise of reasonable diligence, should have known, that Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; AND DOES 1-20; were dangerous and violent

15

1 | employees, prone to use of unnecessary force, and in a manner that demonstrated
2 | callous disregard for the rights and safety of civilian citizens, and assault and batter
3 | persons and/or use unnecessary, unreasonable and/or unlawful physical force
4 | without reasonable justification

5 |     65.   As a legal, direct and proximate result of the aforementioned
6 | negligence by Defendants, and each of them, Plaintiffs' decedent suffered bodily
7 | injuries, mental injuries and emotional distress and died from his injuries. Each of
8 | the individual defendants and the public entity defendants acted in concert and
9 | without authorization of law and each of the individual defendants, separately and
10 | in concert, acted willfully, knowingly, with reckless disregard and callous
11 | indifference, and purposely with the intent to deprive Plaintiffs' decedent of his
12 | rights and privileges.

13 |     66.   As a direct and proximate result of the actions of Defendants, and
14 | each of them, Plaintiffs have also suffered the following injuries, including but not
15 | limited to:

16 |     a) Loss of love, aid, comfort and society due to the death of decedent
17 |         Ronnie Ledesma, Jr., according to proof;

18 |     b) Loss of economic support of decedent Ronnie Ledesma, Jr.; and

19 |     c) Funeral and burial expenses according to proof.

20 | **FOURTH CLAIM FOR RELIEF**

21 | **VIOLATION OF STATE CIVIL RIGHTS UNDER CALFORNIA CIVIL**
22 | **CODE §§ 51, 51.7, 52 AND 52.1**

23 |     67.   Plaintiffs incorporate each and every preceding paragraph as though
24 | fully set forth herein.

25 |     68.   This cause of action is to redress a deprivation, under color of
26 | authority, statute, ordinance, regulation, policy, custom, practice or usage of a
27 | right, privilege and immunity secured to Plaintiffs and their decedent by the
28 | Constitution of the United States and the laws of the State of California,

specifically civil rights afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1.

69.    Defendants, and each of them, owed a duty of ordinary care to avoid harm to Decedent Ronnie Ledesma, Jr.   The COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARTMENT's duties included the duties to completely train, hire and supervise its law enforcement officers in the proper use of force and tactics of their service revolvers when responding to and dealing with unarmed individuals, combative or not.

70.    Plaintiffs contend and herein allege that Defendants, and each of them breached these aforementioned duties, either negligently or intentionally in relation to all their interactions with decedent Ronnie Ledesma, Jr., on August 19, 2013, including, but not limited to, unnecessary, intentional and excessively forceful conduct towards Ronnie Ledesma, Jr., to wit, multiple blows with batons and fists on decedent's head, torso, extremities, multiple kicks to decedent's chest and ribs, and release of the K-9 unit on decedent which resulted in numerous bite and puncture wounds to decedents' extremities, resulted in Ronnie Ledesma, Jr.'s death.

71.    Plaintiffs contend and herein allege that the aforementioned negligent/intentional breach of their duties by Defendants constituted violations of the civil rights of Decedent Ronnie Ledesma, Jr. , in contravention of civil rights afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1 and the Constitution of the United States. Plaintiffs further contend and allege that Defendants' disregard of Decedent's aforementioned civil rights was done by either actual malice or deliberate indifference to Decedent's civil rights.

72.    Plaintiffs contend and herein allege that Defendants negligent/intentional use of excessive force upon Decedent Ronnie Ledesma, Jr., was a substantial factor in his injuries on August 19, 2013, and a legal cause of his death on August 23, 2013.

17

73.   On or about August 19, 2013, Defendants, and each of them, violated decedent's civil rights guaranteed by the Constitution of the United States and afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1, prohibiting unlawful seizure, cruel and unusual punishment and violation of due process of law. The violation was under color of state law. Defendants, and each of them, acted in violation of civil rights afforded by the Constitution of the United States and pursuant to California Civil Code §§51, 51.7, 52 and 52.1 when decedent was subjected to excessive force as a result of which he sustained serious injuries resulting in his death.

74.   The actions of Defendants as aforesaid violated California Civil Code §§ 51, 51.7, 52 and 52.1. The violation of decedent's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set for the below

75.   The false and illegal seizure and use of excessive force on Ronnie Ledesma, Jr., was in violation of his Constitutional and state civil rights to be free from the unreasonable seizure of his person, to be free from the loss of his physical liberty interest, and for him to be free from cruel and unusual punishment and denial of substantive due process under equal protection afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action defendants, and each of them, violated Ronnie Ledesma, Jr.'s Civil Rights by being deliberately indifferent to Ronnie Ledesma, Jr.'s physical security as set forth in *Wood v. Ostrander*, 879 F.2d 583.

76.   Defendants' actions actions as aforesaid directly and proximately caused injuries and damages to Plaintiffs as more fully set forth below. On or about August 19, 2013, Defendants violated Ronnie Ledesma, Jr.'s and Plaintiffs' Civil Rights by using a degree of physical coercion which was not objectively reasonable under the circumstances. Defendants' use of excessive force was

18

unreasonable and in violation of Ronnie Ledesma, Jr.'s and Plaintiffs' Civil Rights afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution., to be free from an unreasonable seizure of his person and to be free from a loss of physical liberty. The use of excessive force also violated the California Civil Code §§51, 51.7, 52 and 52.1, and as it was cruel and unusual punishment to be subjected to injury and death. Defendants' use of excessive force was in violation of Ronnie Ledesma, Jr.'s and Plaintiffs' civil rights afforded by California Civil Code §§51, 51.7, 52 and 52.1 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

77.   Prior to August 19, 2013, Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARMENT developed and maintained policies or customs exhibiting deliberate indifference to the civil rights of persons, which caused the violation of Plaintiffs' civil rights on the evening in question.

78.   It was the policy and/or custom of Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARMENT to inadequately supervise and train its officers, including Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; and DOES 1 through 20, thereby failing to adequately discourage further state civil violations on the part of its Deputies.

79.   As a result of the above-described policies and/or customs, Deputies of Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARMENT, including Defendants MARTIN; DE LA GARZA; PERKINS; MELTON; WONG; and DOES 1 through 20, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

80.   The above-described policies or customs demonstrated a deliberate indifference on the part of the policy makers of Defendants COUNTY OF KERN and KERN COUNTY SHERIFF'S DEPARMENT to the state civil rights of

19

1   persons within their jurisdiction, and were the cause of the violations of Plaintiffs'
2   Constitutional and state Civil Rights as alleged herein.

3      81.  Each of the Defendants and DOES named herein is individually liable
4   for the violation of Plaintiffs' Constitutional and state Civil Rights apart and aside
5   from the customs, policies and practices of Defendants COUNTY OF KERN and
6   KERN COUNTY SHERIFF'S DEPARMENT.

7      82.  As a direct and proximate result of the conduct of Defendants, and
8   each of them, Decedent Ronnie Ledesma Jr., suffered the following injuries and
9   damages for which Plaintiffs may recover:

10      a) Violation of decedent Ronnie Ledesma Jr.'s state civil rights under
11        California Civil Code §§51, 51.7, 52 and 52.1, and the Fourth, Fifth, Eighth
12        and Fourteenth Amendments of the United States Constitution, to be free
13        from unreasonable seizure of his person and summary, cruel and unusual
14        punishment;

15      b) Loss of the life of Ronnie Ledesma Jr., including the value of his life;

16      c) Conscious physical pain, suffering and emotional trauma during the
17        incident on August 19, 2013.

18      83.  As a direct and proximate result of the actions of Defendants, and
19   each of them, Plaintiffs have also suffered the following injuries, including but not
20   limited to:

21      a) Loss of love, aide, comfort and society due to the death of decedent
22        Ronnie Ledesma Jr., according to proof

23      b) Loss of economic support of decedent Ronnie Ledesma Jr.; and

24      c) Funeral and burial expenses according to proof.

25      84.  The conduct of Defendants MARTIN; DE LA GARZA; PERKINS;
26   MELTON; WONG; and DOES 1 through 20; was reckless and said defendants
27   acted with callous indifference to the federally protected rights of Ronnie Ledesma
28   Jr. and Plaintiffs. Defendants, and each of them, engaged in despicable conduct by

using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs, and Plaintiffs are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant officers.

85.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under California Civil Code §§51, 51.7, 52 and 52.1 due to Defendants' violations of Plaintiffs Civil Rights.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     For all special damages including, but not limited to, lost wages and future earning capacity;

2.     For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3.     For other and further special damages in a sum according to proof at the time of trial;

4.     For other and further general damages in a sum according to proof at the time of trial;

5.     For funeral and burial expenses of Decedent, according to proof;

6.     For prejudgment interest according to proof;

7.     For costs of suit incurred herein;

8.     For other and further relief as this court may deem just and proper;

9.     For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988; and

21

1   10.   For punitive damages against Defendants WARREN MARTIN;

2          KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON;

3          CHRISTOPHER WONG; in an amount according to proof at the time of

4          trial.

5

6   DATED: October 15, 2014                **TREYZON & ASSOCIATES**

7

8                               By: _____

9                                    Federico C. Sayre, Esq.

10                                   Boris Treyzon, Esq.
                                     Francis X. Flynn, Esq.
11                                   Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

DATED: October 15, 2014                     **TREYZON & ASSOCIATES**

By: _____
                    Federico C. Sayre, Esq.
                    Boris Treyzon, Esq.
                    Francis X. Flynn, Esq.
                    Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES