**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIANA LEDESMA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | ) Case No.: 1:14-cv-01634 - LJO - JLT<br>)<br>) ORDER DIRECTING RAQUEL SIERRA TO FILE A<br>) SUPPLEMENTAL DECLARATION IN SUPPORT<br>) OF HER PETITION TO BE APPOINTED<br>) GUARDIAN AD LITEM FOR PLAINTIFF M.L.<br>)<br>)<br>)<br>) |

　　　　M. L. seeks to have Raquel Sierra appointed as her guardian ad litem. (Doc. 35.) Under California law, a minor "shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by the judge in each case." Cal. Code of Civ. P. § 372. Consequently, a minor cannot maintain an action on her own, but may appear as a litigant if represented by a guardian ad litem. Fed. R. Civ. P. 17(c).

　　　　"A court has broad discretion in ruling on a guardian ad litem application." *Williams v. Superior Court of San Diego*, 147 Cal. App. 4th 36, 47 (2007) (citing *In re Emily R.*, 80 Cal. App. 4th 1344, 1356 (2000)). When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see also Williams*, 147 Cal. App. 4th at 38 (explaining the court must select a guardian ad litem who does not have conflicting interests with the minor and who will assist the court by acting in the best interests of the child).

Here, Raquel Sierra asserts that she "consent[s] to act as a guardian *ad litem* for the minor Petitioner." (Doc. 35 at 3.) However, there is no information regarding Ms. Sierra's relationship to the child. For example, the Court does not know if Ms. Sierra is a professional fiduciary or whether she has a familial relationship or otherwise, with the child. Though Ms. Sierra indicates she is willing to take on the role, she makes no showing that she is willing to act in the best interests of M.L. and to promote those interests regardless of whether they conflict with other interests, including her own or those of the other parties in this action. She does not indicate whether she expects to be paid a fee for taking on this role or, if she does, whether she expects payment regardless of the outcome of the matter. Thus, the Court is unable to determine whether Ms. Sierra has actual or potential conflicts with the interests of M.L. Accordingly, **IT IS HEREBY ORDERED**:

1. Within seven days of the date of service of this order, Ms. Sierra **SHALL** file a supplemental declaration in support of the motion to be appointed as guardian ad litem that explains whether she has any conflicts with M.L., and setting forth sufficient information for the Court to determine that Ms. Sierra will act in the best interests of M.L.; and

2. After the Court receives the supplemental declaration, the Court will resume consideration of the motion to appoint a guardian ad litem for M.L.

IT IS SO ORDERED.

Dated: **June 19, 2015**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE