1  **THERESA A. GOLDNER, COUNTY COUNSEL**
2  **By: ANDREW C. THOMSON, DEPUTY (SBN 149057)**
   **Kern County Administrative Center**
3  **1115 Truxtun Avenue, Fourth Floor**
   **Bakersfield, CA 93301**
4  **Telephone 661-868-3800**
   **Fax 661-868-3805**
5

6  **Attorneys for Defendants Kern County,**
   **Kern County Sheriff's Office, Martin,**
7  **De La Garza, Perkins, Melton and Wong**

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | ADRIANA LEDESMA, an individual; | CASE NO. 1:14-CV-01634-LJO-JLT |
|---|---|
| JESSICA LEDESMA, an individual; | |
12 | MARISSA LEDESMA, an individual by and through her Guardian Ad Litem | STIPULATED PROTECTIVE ORDER FOR DISCOVERY MATTERS |
13 | Raquel Sierra; RONNIE MATHEW LEDESMA, an individual by and | |
14 | through his Guardian Ad Litem | (Doc. 44) |
15 | Christina Garcia; CHRISTINA HERRERA | |
16 | Plaintiff, | |
17 | vs. | |
18 | KERN COUNTY, KERN COUNTY SHERIFF'S DEPARTMENT; | |
19 | WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES | |
20 | MELTON; CHRISTOPHER WONG; | |
21 | AND DOES 1-200, inclusive, | |
22 | Defendants. | |
23 | | |

24       **COME NOW**, all Plaintiffs and all Defendants (hereinafter the "Parties") to this matter,

25  and agree and stipulate to a Protective Order, as follows:

26       1.      WHEREAS it is anticipated that Plaintiffs will request portions of the private

27  personnel records of law enforcement members of the Kern County Sheriff's Office (KCSO),

28  and KCSO will be requested to produce the records in discovery;

Stipulation for Protective Order                1

2. WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the KCSO may be relevant to this action;

3. WHEREAS Defendants are concerned that turning over the KCSO private personnel records without a protective order could result in the violation of the privacy rights of KCSO Deputies including but not limited to those who are parties to this litigation;

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of the KCSO Deputies including but not limited to those who are parties to this litigation;

5. WHEREAS it is anticipated that Plaintiffs will request portions of the investigation reports, records and evidence prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office (KCSO) (hereinafter "investigation records"), and KCSO will be requested to produce the records in discovery;

6. WHEREAS the parties agree that discovery of the investigation records may be relevant to this action;

7. WHEREAS Defendants are concerned that turning over the investigation records without a protective order could result in the violation of the privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including but not limited to those who are parties to this litigation, and of the investigation privilege;

8. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including but not limited to those who are parties to this litigation;

9. WHEREAS it is anticipated that Defendants may request portions of the private financial, medical and psychological records of Decedent, and Plaintiffs may be requested to produce the records in discovery;

10. WHEREAS the parties agree that discovery of the private financial, medical and psychological records of Decedent are relevant to this action;

11. WHEREAS Plaintiffs are concerned that turning over the private financial, medical and psychological records of Decedent without a protective order may result in the violation of the privacy rights of Plaintiffs;

12. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Defendants need for relevant discovery of Decedent's private medical and psychological records, and Plaintiffs' desire to prevent unwarranted disclosure of Decedent's medical and psychological records;

13. WHEREAS it is anticipated that Defendants may request portions of the private records of each Plaintiff, and each Plaintiffs may be requested to produce the records in discovery;

14. WHEREAS the parties agree that discovery of the private records of Decedent may be relevant to this action;

15. WHEREAS Plaintiffs are concerned that turning over the private records of each Plaintiff without a protective order could result in the violation of the privacy rights of Plaintiffs;

16. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Defendants need for relevant discovery and each Plaintiff's desire to prevent unwarranted disclosure of their private records;

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:**

17. In connection with discovery proceedings in this action, the parties designate the KCSO's personnel records regarding their Deputies, including but not limited to those who are parties to this litigation, as CONFIDENTIAL.

18. In connection with discovery proceedings in this action, the parties designate the Decedent's financial, medical and psychological records as CONFIDENTIAL.

19. In connection with discovery proceedings in this action, the parties designate the investigation reports, records and evidence prepared during the investigation of the underlying

\ \ \

1  incident by law enforcement members of the Kern County Sheriff's Office, which is not
2  otherwise available to the public through a public records request, as CONFIDENTIAL.
3      20.   In connection with discovery proceedings in this action, the parties designate the
4  private records of each Plaintiff as CONFIDENTIAL.
5      21.   By designating the above matters as CONFIDENTIAL, the Parties certify to the
6  Court that there is a good faith basis both in law and in fact for the designations within the
7  meaning of Federal Rule of Civil Procedure 26(c).
8      22.   Material designated as CONFIDENTIAL under this Order, the information
9  contained therein, and any summaries, copies, abstracts, or other documents derived in whole or
10 in part from <u>material designated as confidential shall be used only for the purpose of the</u>
11 <u>prosecution, defense, or settlement of this action **and for no other purpose**</u>.
12     23.   CONFIDENTIAL material produced pursuant to this Order may be disclosed or
13 made available only to the Court, to counsel for a party (including the paralegal, clerical, and
14 secretarial staff employed by such counsel), and to the "qualified persons" designated below:
15        (a)   a named party, to which only CONFIDENTIAL material specifically
16              related to the named party shall be disclosed;
17        (b)   experts and/or consultants (together with their clerical staff) retained by
18              such counsel to assist in the prosecution, defense or settlement of this action;
19        (c)   court reporter(s) employed in this action;
20        (d)   a witness at any deposition or other proceeding in this action; and
21        (e)   any other person as to whom the parties in writing agree.
22     Prior to receiving any CONFIDENTIAL material, each "qualified person" shall be
23 provided with a copy of this Order and shall agree to a nondisclosure agreement in the form of
24 Attachment A, a copy of which shall be provided forthwith to counsel for each other party and
25 for the parties.
26     24.   For purposes of Defendants' initial responses to Plaintiff's production request,
27 the parties agree that Defendants may exclude [redact] from the production the names,
28 addresses, telephone numbers and other personal contact information of any non-party Deputy,

Stipulation for Protective Order                4

provided that the identified Deputy is not a first person witness, report writer and/or an investigator of Plaintiff's complaints.

26. In the event of a disputed factual issue as to sections 5, and Plaintiff deems it necessary to discover the identities and personal contact information of non-party Deputy's information excluded under section 5, Plaintiff's counsel will notify Defendants' counsels of their intent in writing to seek such personal information. If after five (5) days the parties are unable to reach agreement on production of the non-party Deputy's information, then Plaintiff may make an application to the Court for an order to resolve the dispute.

26. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

27. In the event that any CONFIDENTIAL material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including but not limited to filing such material under seal and labeling the material "CONFIDENTIAL – Subject to Court Order".

28. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

29. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the

Stipulation for Protective Order                              5

confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

30. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder; and,

31. Upon termination of this case, counsel for each Parties shall assemble and return to opposing counsel all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

DATED: June 30, 2015          Geragos & Geragos

By: /s/ Ben J. Meiselas
Mark J. Geragos, Esq.
Ben J. Meiselas, Esq.
Attorneys for Plaintiffs Adriana Ledesma, Jessica Ledesma, Marissa Ledesma, Ronnie Mathew Ledesma and Christina Herrera

DATED:  June 30, 2015         Theresa A. Goldner, County Counsel

By: /s/ Andrew C. Thomson
Andrew C. Thomson, Deputy
Attorneys for Defendants Kern County, Kern County Sheriff's Office, Martin, De La Garza, Perkins, Melton and Wong

///

///

///

# ORDER

Based upon the stipulation of counsel, the stipulated protective order is **GRANTED**. However, this order **does not** authorize the filing of any document under seal. Instead, the parties **SHALL** comply with Local Rule 141 in the event they seek to file any document under seal.

IT IS SO ORDERED.

Dated:   **July 1, 2015**                                  /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE

Attachment A

NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Ledesma et al. v. County of Kern, et al.,* United States District Court for the Eastern District of California, Civil Action No. 1:14-CV-01634-LJO-JLT and hereby agree to comply with, and be bound by, the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:_____

_____
SIGNATURE

#2196023.WPD