UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA LEDESMA, et al., | Case No.: 1:14-cv-01634 DAD JLT |
| Plaintiffs, | ORDER AFTER INFORMAL TELEPHONIC CONFERENCE |
| v. | |
| COUNTY OF KERN, et al., | (Doc. 50) |
| Defendants. | |

On January 19, 2016, the Court held an informal telephonic conference to attempt to resolve discovery issues that had arisen.  The parties agreed that, due to difficulty in locating health care professionals that treated the decedent before his death, counsel may take these depositions through February 26, 2016.  Counsel acknowledged that this may mean that Plaintiffs' expert reports was need to be supplemented to account for information learned after the reports are prepared.

Counsel agreed also that Mr. Thomson would review and discuss the various media statements made by Sheriff Youngblood.  In the event that Sheriff Youngblood lacked first-hand knowledge of the evidence upon which the statements made based, Mr. Thomson will orally communicate this fact to Mr. Meiselas.  Assuming Mr. Meiselas agrees that this resolves the dispute and he requests it, Mt. Thomson will provide a declaration from the Sheriff indicating his lack of first-hand knowledge.  If Mr. Meiselas does not agree that this resolves the dispute, Mr. Thomson is authorized to file his motion for protective order.

Based upon the foregoing, the Court **ORDERS**:

1. The non-expert discovery deadline is extended to February 26, 2016 **only** for the purpose of taking the deposition of the health care professionals--thus far sought for deposition—and who provided care for the decedent during the interval between the incident at issue and his death. **No other modifications to the case schedule are authorized**;

2. As to the deposition of Mr. Youngblood:

   a. **No later than January 22, 2016**, Mr. Thomson **SHALL** discuss with Sheriff Youngblood the sources for his knowledge underlying the statements he made to the media concerning this matter;

   b. In the event Youngblood confirms he has no first-hand knowledge of the information underlying that which he conveyed to the media, Mr. Thomson will notify Mr. Meiselas of this fact **no later than January 25, 2016**;

   c. If Mr. Meiselas agrees this alleviates his intention to take the deposition of Youngblood <u>and he requests it</u>, Mr. Thomson **SHALL** provide him a written declaration of Youngblood denying first-hand knowledge of the information upon which his media statements were based **within five court days** of Mr. Meiselas' request;

   d. If Mr. Meiselas does not agree this alleviates his intention to take the deposition of Youngblood, Mr. Thomson is authorized to file his motion for protective order. The motion **SHALL** proceed according to Local Rule 251(c) and the parties **SHALL** file a joint statement as required by the Rule.

The parties may agree that the motion be heard on shortened time on a date convenient to the Court and counsel.[1] If it will be heard on shortened time, the joint statement **SHALL** be filed **at least three court days** in advance of the scheduled hearing date.

IT IS SO ORDERED.

Dated:   **January 19, 2016**              /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Counsel **SHALL** pre-clear the hearing date with the Court if it is to be heard on shortened time.