# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS         SBN 108325
BEN J. MEISELAS          SBN 277412
Attorneys for Plaintiffs ADRIANA LEDESMA, JESSICA LEDESMA, MARISSA LEDESMA, RONNIE MATHEW LEDESMA, and CHRISTINA HERRERA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIANA LEDESMA, an individual; JESSICA LEDESMA, an individual; MARISSA LEDESMA, an individual by and through her Guardian *Ad Litem* Raquel Sierra; RONNIE MATHEW LEDESMA, an individual by and through his Guardian *Ad Litem* Christina Garcia; CHRISTINA HERRERA;<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S DEPARTMENT; WARREN MARTIN; KARENA DE LA GARZA; DWAYNE PERKINS; JAMES MELTON; CHRISTOPHER WONG; AND DOES 1-200, INCLUSIVE;<br><br>Defendants. | **Case No.: 1:14-cv-01634-DAD-JLT**<br><br>*The Honorable Judge Dale A. Drozd*<br><br>**PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT OR ALTERNATIVELY SUMMARY ADJUDICATION OF ISSUES**<br><br>[*Filed concurrently with Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Plaintiffs' Separate Statement of Disputed Facts, and Declaration of Kaylee Stier in Support Thereof*]<br><br>Date: September 6, 2016<br>Time: 9:30 a.m.<br>Dept.: 5 |

**COME NOW** Plaintiffs Adriana Ledesma, Jessica Ledesma, Marissa Ledesma, an individual by and through her Guardian *Ad Litem* Raquel Sierra, Ronnie Mathew Ledesma, an individual by and through his Guardian *Ad Litem* Christina Garcia, and Christina Herrera (collectively "Plaintiffs") respectfully submit the following disputed material facts in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment filed on August 23, 2016. These Disputed Material Facts are submitted for the purposes of the Opposition to Defendants' Motion for Summary Judgment/Adjudication only.

Plaintiffs have submitted these Disputed Material Facts to Defendants County of Kern (hereinafter "County") and its agency the Kern County Sheriff's Office (hereinafter "KCSO"), Warren Martin (hereinafter "Martin"), Karena DeLaGarza (hereinafter "DeLaGarza"), Dwayne Perkins (hereinafter "Perkins"), James Melton (hereinafter "Melton") and Christopher Wong (hereinafter "Wong") (hereinafter collectively "Defendants"), met and conferred with Defendants pursuant to Local Rule 260, and intend to continue the meet and confer process and discussions in an effort to provide a Joint Statement of Undisputed Facts.

All supporting evidence referenced herein is contained in the Evidence Volume in Support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment or Summary Adjudication. Plaintiffs' Evidence Volume is a separate document that is filed concurrently with the Opposition and this Separate Statement of Undisputed Facts.

| # | DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION | SUPPORTING EVIDENCE |
|---|---|---|
| 1 | Defendant Deputy Warren Martin ("Deputy Martin") approached decedent Ronnie Ledesma, Jr. because Mr. Ledesma was a heavy-set Hispanic male. | Meiselas Decl., ¶ 6, Exh. 5 ("Martin Depo."), p. 42:5–14. |
| 2 | Even after Deputy Martin communicated with Mr. Ledesma he did not suspect that he had committed a crime. | Martin Depo., p. 43:14–23 |

- 1 -

| # | DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION | SUPPORTING EVIDENCE |
|---|---|---|
| 3 | Mr. Ledesma was walking away from Officer Martin as he approached. | Martin Depo., pp. 61:25; 62:1–3. |
| 4 | Deputy Martin stated that he stopped Mr. Ledesma because "he's delaying my investigation by not stopping," and because he intended to arrest him for public intoxication. | Martin Depo., pp. 61:25; 62:1–6, 21–25; 63:1–3. |
| 5 | Deputy Martin ordered Mr. Ledesma to get on his knees and when Mr. Ledesma failed to comply, Deputy Martin struck Mr. Ledesma twice with a baton, knocking him to the ground. | Martin Depo., pp. 72:24–25; 73:1–3; 74:1–10. |
| 6 | The sounds of Mr. Ledesma screaming for help called the attention of Emmanuel Vela. | Vela Decl., ¶ 3. |
| 7 | Mr. Vela, who had a clear and well-lit view of the incident, states that at no time was Mr. Ledesma resisting arrest. | Vela Decl., ¶¶ 5, 9. |
| 8 | Deputy Martin "continued to strike Mr. Ledesma approximately 15 times with his baton while Mr. Ledesma attempted to shield his face and screamed for help." | Vela Decl., ¶ 8. |
| 9 | Mr. Vela later told investigators that Deputy Martin was "attacking [Mr. Ledesma] to the point where I initially believed Mr. Ledesma was being robbed." | Vela Decl., ¶ 7. |
| 10 | Deputy Martin stated during deposition that he never struck Mr. Ledesma from a mounted position and denied that Mr. Ledesma was even screaming for help. | Martin Depo., p. 106:8–19. |
| 11 | Not long after Deputy Martin began assaulting Mr. Ledesma, Defendant Deputies Karen De La Garza, Dwayne Perkins, Christopher Wong, and James Melton arrived. | Vela Decl., ¶ 11. Martin Depo., pp. 77:25; 78:1–3; 88:16. |
| 12 | These deputies immediately began attacking Mr. Ledesma, hitting him with their batons and kicking him all over his body, including in his head. | Vela Decl., ¶ 12. Ledesma Decl., ¶¶ 11–16 (noting injuries to head). Meiselas Decl., ¶ 12, Exh. 11. |
| 13 | While Mr. Ledesma was being attacked and lying defenseless, Deputy Perkins instructed his K-9 German Shepherd named Volker to attack Mr. Ledesma using the Germanic command for | Vela Decl., ¶ 13. Meiselas Decl., ¶ 7, Exh. 6 ("Perkins Depo."), pp. 8:16–18; 32:23–25; |

| # | DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION | SUPPORTING EVIDENCE |
|---|---|---|
|  | "capture" (*Pucken*), and the K-9 immediately began biting his legs. | 33:21–24. |
| 14 | Deputy Perkins believed that Mr. Ledesma was resisting but that he was not "assaultive." | Perkins Depo., pp. 31:25; 32:1–9. |
| 15 | Deputy Perkins admitted that it took him only thirty seconds before deploying his K-9 to attack Mr. Ledesma. | Perkins Depo., p. 71:5–16. |
| 16 | Fearing for Mr. Ledesma's safety, Mr. Vela approached the officers and held up his cell phone, pretending to film the attack in order to get the deputies to stop using what he believed to be excessive force on Mr. Ledesma. | Vela Decl., ¶ 14. |
| 17 | As a result, many of the deputies dropped their batons, though many continued beating Mr. Ledesma with their fists and the K-9 continued to bite Mr. Ledesma's legs. | Vela Decl., ¶¶ 15–16. |
| 18 | When it became clear that his presence was not dissuading the deputies from attacking Mr. Ledesma, Mr. Vela began actually filming the attack and captured the end of the assault. | Vela Decl., ¶ 16. |
| 19 | Mr. Vela subsequently stated that "[d]uring the entirety of the [deputies'] attack, Mr. Ledesma yelled and screamed for help, and never resisted arrest," and stated that the attack "reminded me of gang members jumping and beating a rival." | Vela Decl., ¶¶ 17–18. |
| 20 | During the entirety of the deputies' attack, Mr. Ledesma yelled and screamed for help. | Vela Decl., ¶ 17. |
| 21 | Deputy Martin continued to deny that Mr. Ledesma was feeling pain even after viewing the video recording of Mr. Ledesma repeatedly screaming in agony. | Martin Depo., p. 88:5–10. |
| 22 | Deputy Perkins wholly denied the version of events depicted on Mr. Vela's video and contained in his witness statement. | Perkins Depo., pp. 61:17–25; 62:1–10. |
| 23 | Mr. Vela's video also depicts Deputy De La Garza threatening to charge him with a violation of Penal Code § 148 for filming the attack. | Vela Decl., ¶ 24, Exh. B., at approximately 2 minutes and 30 seconds. |
| 24 | Deputies immediately demanded that Mr. Vela turn over the cell phone he used to record the attack | Vela Decl., ¶ 21. |

- 3 -

PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT OR ALTERNATIVELY SUMMARY ADJUDICATION OF ISSUES

| # | DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION | SUPPORTING EVIDENCE |
|---|---|---|
| 25 | No ambulance was called for Mr. Ledesma, despite his serious injuries. Instead, Mr. Ledesma was handcuffed and brought to Kern Medical Center in a squad car. | Vela Decl., ¶ 19. |
| 26 | Mr. Ledesma's condition rapidly deteriorated in the hospital from the trauma he sustained from the sheriff's deputies. | Ledesma Decl., |
| 27 | Mr. Ledesma's family was not called or notified of Ledesma's condition until August 26, 2016 when his mom was called and told he had a stroke. | Ledesma Decl., ¶ 3. |
| 28 | Mr. Ledesma's family arrived at hospital but were sent away by Kern County Police to get additional "authorizations." | Ledesma Decl., |
| 29 | The family spent hours getting the authorizations from the Sheriff's Jail in downtown Bakersfield and returned to find Mr. Ledesma was on life-support and about to die. | Ledesma Decl., ¶¶ 6–8. |
| 30 | They observed deep wounds on his legs and bruising on his head and face. | Ledesma Decl., ¶¶ 10–12. |
| 31 | Mr. Ledesma died the following the day on August 27, 2016. | Meiselas Decl., ¶ 13, Exh. 12 ("Coroner's Report"), p. 3. |
| 32 | The cause of his death was a pulmonary embolism thrombosis which was either caused by, or aggravated by, the dog bite and trauma from the incident according to coroner and forensic pathologist who actually conducted the official autopsy | Coroner's Report, pp. 4, 8. |
| 33 | Sergeant Wheeler stated at his deposition that hits to the shoulder and head are not target areas for batons. | Meiselas Decl., ¶ 4, Exh. 3 ("Wheeler Depo."), pp. 51:18–52:1–18. |
| 34 | Deputy Wong repeatedly struck Mr. Ledesma in the shoulder, and believed such blows were within protocol. | Meiselas Decl., ¶ 8, Exh. 7 ("Wong Depo."), pp. 29:10–25; 30:1. |
| 35 | Deputy Dunbier stated that it would be against protocol to use a dog as an offensive weapon where a suspect is merely resisting, but not actively assaulting officers | Meiselas Decl., ¶ 3, Exh. 2 ("Dunbier Depo."), p. 34:4–18. |
| 36 | Deputy Perkins, the K-9 handler who deployed | Perkins Depo., pp. 56:1–6; |

- 4 -

| # | DISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION | SUPPORTING EVIDENCE |
|---|---|---|
|  | Volker to viciously bite Mr. Ledesma leg, contradicts Defendants' own K-9 PMK and clearly misapplied policy. | 69:7–17 |
| 37 | Dr. Carpenter acknowledged that Mr. Ledesma was an "egg shell" plaintiff, and that the dog bite and beating he sustained were the "last straws" that broke the camel's back. | Meiselas Decl., ¶ 2, Exh. 1 ("Carpenter Depo."), p. 34:2–17. |
| 38 | Dr. Carpenter testified that the cause of death for Mr. Ledesma was a "pulmonary thromboembolism due to deep vein thrombosis of the legs" which was caused by trauma. | Carpenter Depo., p. 17:1–4. |
| 39 | Dr. Carpenter stated to a reasonable degree of medical certainty that the dog bite and baton strikes either directly caused the embolism or contributed to the embolism, through the creation of thrombi or through the dislodgment of preexisting thrombi. | Carpenter Depo., p. 103:2–11. |
| 40 | Dr. Carpenter ruled that out that drugs were the cause of the embolism. | Carpenter Depo., p. 46:12–16. |

DATED: August 23, 2016

GERAGOS & GERAGOS, APC

By:____/s/ Ben J. Meiselas_____
MARK J. GERAGOS
BEN J. MEISELAS
Attorney for Plaintiffs
ADRIANA LEDESMA, JESSICA LEDESMA, MARISSA LEDESMA, RONNIE MATHEW LEDESMA, and CHRISTINA HERRERA

- 5 -

PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACT IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT OR ALTERNATIVELY SUMMARY ADJUDICATION OF ISSUES