UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA LEDESMA; JESSICA LEDESMA; MARISSA LEDESMA, by and through her guardian ad litem Raquel Sierra; RONNIE MATTHEW LEDESMA, by and through his guardian ad litem Christina Garcia; and CHRISTINA HERRERA,<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY; KERN COUNTY SHERIFF'S DEPARTMENT; WARREN MARTIN; KARENA DELAGARZA; DWAYNE PERKINS; JAMES MELTON; and CHRISTOPHER WONG,<br><br>Defendants. | No. 1:14-cv-01634-DAD-JLT<br><br>ORDER GRANTING PLAINTIFFS' PETITION FOR APPROVAL OF MINORS' COMPROMISE<br><br>(Doc. No. 76) |

Plaintiffs Marissa Ledesma and Ronnie Matthew Ledesma, minors by and through their respective guardians ad litem, petition the court for an order approving a compromise of their claims. (Doc. No. 76.) A hearing on the petition was held January 5, 2017. Attorney Benjamin Meiselas appeared with and on behalf of the minor plaintiffs and their respective guardians ad litem. Deputy County Counsel Andrew Thomson appeared on behalf of defendants. Having considered plaintiffs' requests and heard oral argument, and for the reasons set forth below, the court grants the petition for minors' compromise.

1

**BACKGROUND**

This case arises from an encounter between decedent Ronnie Ledesma, Jr. and several deputies of the Kern County Sheriff's Office on August 19, 2013, in Bakersfield, California.  Mr. Ledesma died eight days after the incident while in custody at Kern Medical Center.  Plaintiffs, decedent Ledesma's successors in interest, brought this civil rights action alleging constitutional violations under 42 U.S.C. § 1983, as well as state law civil rights and common law causes of action.

Following an order on summary judgment and a settlement conference before the assigned magistrate judge, the parties agreed to and executed a written settlement agreement with respect to all claims on December 5, 2016.  (*See* Doc. Nos. 73, 76 at 2.)  The total payment under the settlement agreement is $1,000,000.00.  (Doc. No. 76 at 4.)  Of that amount, plaintiffs' counsel has agreed to recovery of $400,000.00 in attorney's fees, representing 40% of the total payment amount.[1]  (Doc. No. 76 at 4.)  In addition, plaintiffs' counsel will recover $31,710.72 in costs.  (*Id.*)  The remaining $568,289.28 will be distributed among the five plaintiffs according to the following criteria agreed to by the plaintiffs: (1) each plaintiff's relationship, and the length of that relationship, with the decedent; (2) each plaintiff's level of involvement and time spent in this litigation; (3) the time and expenses each plaintiff incurred in the preparation of the decedent's funeral and related matters; and (4) the relative strengths and weaknesses of each plaintiff's claims if the matter proceeded to trial.  (*Id.* at 5.)  Based on these factors, plaintiffs agreed to the following allocations:

- $173,657.85 to Adriana Ledesma
- $173,657.85 to Jessica Ledesma
- $83,657.86 to Ronnie Matthew Ledesma
- $68,657.86 to Marissa Ledesma
- $68,657.86 to Christina Herrera

---

[1] Plaintiffs' counsel notes that the 40% rate approximately reflects contingency fee rates of 45% for the three adult plaintiffs and 33% for the two minor plaintiffs. (Doc. No. 76-1 at 2.)  At the hearing, plaintiffs' counsel further noted that for the minor plaintiffs, the 33% contingency fee rate was reduced from the rate of 45% that was set forth in the retainer agreement.

2

(*Id.* at 5–6.)  Plaintiffs Marissa Ledesma (age 15) and Ronnie Matthew Ledesma (age 4) now seek court approval of their respective distributions of the settlement proceeds.

## LEGAL STANDARD

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." (citation omitted)).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only).  Where a settlement involves state law claims, federal courts generally are guided by state law.  *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law.  California law requires court approval of the fairness and terms of the settlement.").  A settlement for a minor and attorney's fees to represent a minor must be approved by the court.  Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.  Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court.  Cal. Prob. Code § 3601.  Finally, the Local Rules of this court require disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney.  *See* Local Rules 202(b)–(c).

/////

## DISCUSSION

The proposed settlement agreement in this case provides that plaintiff Marissa Ledesma will receive $68,657.86, and plaintiff Ronnie Matthew Ledesma will receive $83,657.86. At the hearing on this matter, plaintiffs indicated that all named plaintiffs, including the minor plaintiffs by and through their guardians ad litem, met privately outside the presence of their counsel to arrive at a suitable agreement regarding the fair distribution of settlement proceeds. Furthermore, at the hearing the minor plaintiffs, through their respective guardians ad litem, expressed their satisfaction with the terms of the proposed settlement agreement, including the apportionment of attorney's fees with respect to counsel's representation on their behalf.

Accordingly, having carefully reviewed plaintiffs' submissions and having discussed this matter at the hearing with the minor plaintiffs through their respective guardians ad litem, the court finds that the proposed settlement, including the attorney's fee rate, is fair and reasonable in light of the facts and circumstances of this case and recoveries in similar cases.

## CONCLUSION

For the reasons stated above,

1. The court grants plaintiffs' petition for minors' compromise (Doc. No. 76);
2. Plaintiff Marissa Ledesma, by and through her guardian ad litem Raquel Sierra, shall
    a. Within fourteen days of receipt, deposit her settlement proceeds, in the net amount of $68,657.86, in a blocked account at Kern Schools Federal Credit Union, whereby such proceeds may only be withdrawn by Marissa Ledesma, upon an order of this court or when she reaches the age of eighteen; and
    b. Within fourteen days of the deposit, submit a proof of deposit to this court;
3. Plaintiff Ronnie Matthew Ledesma, by and through his guardian ad litem Christina Garcia, shall
    a. Within fourteen days of receipt, deposit his settlement proceeds, in the net amount of $83,657.86, in a blocked account at Kern Schools Federal Credit Union, whereby such proceeds may only be withdrawn by Ronnie Matthew Ledesma, upon an order of this court or when he reaches the age of eighteen;

        and

        b.  Within fourteen days of the deposit, submit a proof of deposit to this court; and

4.  The parties are directed to file a request for dismissal of this action no later than February 27, 2017.

IT IS SO ORDERED.

Dated: **January 6, 2017**

*Dale A. Drozd* (signature)
UNITED STATES DISTRICT JUDGE